FILED MAILROOM
NOV 19 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **KENN HINTON** <br> *Plaintiff,* | : <br> : <br> : |
| v. | :    Civil Case No: 1:10-cv-00408-TSE/TCB |
| **PROVIDENCE DANE, LLC** <br> *Defendant,* | : <br> : <br> : |

### *Pro se* - PLAINTIFF'S FIRST AMENDED COMPLAINT

### *I. INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant capriciously has breached this statute by its malfeasance.

2. Defendant's violation of The Identity Theft and Assumption Deterrence Act, 18 USC 1028, et seq. ("hereinafter "ITADA") as amended by Public Law 105-318, 112 Stat. 3007 (Oct. 30, 1998) which This Act makes it a crime when someone without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes "knowingly transfers or uses, a violation of federal law, or that constitutes a felony under any applicable state or local law. Defendant capriciously has breached this statute by such malfeasance.

3. Defendant's violation of The Fair and Accurate Credit Transaction Act of 2003 (hereinafter "FACTA") Under FACTA, if a individual is contacted by a collection agency about a debt that resulted from the theft of his/her identity, the collector must so inform the creditor. The Plaintiff is entitled to receive all information about this debt -- such as applications, account statements, late notices from the creditor -- that Plaintiff would be entitled to see if the debt were actually his. In addition, FACTA says that a

creditor once notified that the debt is the work of an identity thief cannot sell the debt or place it for collection. By its very name, the Fair and Accurate Credit Transactions Act places new emphasis on accuracy of information in consumer reports being reported by debt collection agencies. Defendant capriciously has breached this statute by such malfeasance.

4. Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (hereinafter "FCRA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices as furnishers of information to consumer reporting agencies pursuant to 15 U.S.C. § 1681s-2

( A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

( B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate. Defendant capriciously has breached this statute by its malfeasance.

5. Defendant's violation of the Truth in Lending Act at 15 U.S.C. § 1640, et seq. (hereinafter "TILA") and The Privacy Act, 5 U.S.C. 552, et seq. in its breach/invasion of Privacy regarding Plaintiff's personal identifiers and consumer reports in an attempt to defraud Plaintiff and breach his creditworthiness with their fraudulent, abusive, deceptive, and unfair trade practices. Defendant capriciously has breached this statute by such malfeasance.

6. Defendant's violation of Plaintiff's state and federal rights by capricious malfeasances of False Light, False Representation, Defamation, Breach of Privacy, Invasion of Privacy and Bad Faith acts of malice regarding Plaintiff's personal identifiers and consumer reports being un-redacted in an attempt to defame Plaintiff and breach his creditworthiness with their fraudulent, abusive, deceptive, and unfair trade practices.

Defendant capriciously has breached Plaintiff's federally protected rights under state and federal statute by such malfeasance.

## *II. JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 18 USC 1028, et seq, 15 U.S.C. 1681 et seq. 15 U.S.C. §1692k(d), Truth in Lending Act at 15 U.S.C. § 1640, et seq. 28 U.S.C. §1337. Venue is proper in that the Defendant transacted business in this district and the Plaintiff chooses to bring this action here as amended to the original Complaint.

## *III. PARTIES*

3. Plaintiff, Kenn Hinton, is a natural person residing in Arlington, Virginia.

4. Defendant, Providence Dane, LLC (hereinafter "Providence Dane") is corporation engaged in the business of collecting debts in this state with its principal place of business located in Virginia Beach, Virginia. One of the principal purposes of the Providence Dane is the collection of debts using the mails and telephone, and it regularly attempts to fraudulently collect debts alleged to be due another.

5. Defendant is an alleged "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), et seq. and in accordance to the Truth in Lending Act at 15 U.S.C. § 1640, et seq.

## *IV. FACTUAL ALLEGATIONS*

6. On April 13, 2010, Defendant served TD Bank, N.A. a Garnishment Summons for a Judgment against Plaintiff for an alleged debt Plaintiff owed to Defendant. The original creditor for the alleged debt is Bank of America. Plaintiff has never had any type of account with Bank of America, moreover Plaintiff is a victim of Identity Fraud &

3

Theft and such debt is deemed to be a result of such fraudulent account obtained with Plaintiff's personal data and information without his consent or knowledge.

7. Defendant obtained the Judgment against Plaintiff for the alleged debt with Bank of America using Plaintiff's correct social security number but a different name and address than that belonging to Plaintiff. Plaintiff's name is "Kenn Hinton" and the name of the debtor on the Summons is "Kenneth Adolphus Hinton-Cuton". Furthermore, Plaintiff has never lived at the address provided for the debtor nor ever been referred to as the named individual on the Summons.

8. Plaintiff never received any correspondence from Defendant, herein as amended to his original Complaint.

9. Plaintiff was only notified of the Judgment against him on April 14, 2010, when TD Bank, N.A. sent him a letter notifying him of the Garnishment Summons. .

10. Defendant has also reported the alleged debt to one or more credit reporting agencies which has negatively impacted Plaintiff's financial status due to the loss of a credit line with TD Bank, N.A., overdraft charges incurred on his account, and the embarrassment of having his account garnished and closed.

11. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated and breached the Plaintiff's privacy as well as, the FDCPA, FACTA, FCRA, ITADA and TILA in multiple ways, including but not limited to:

    a)    The use of any false representation or deceptive means to collect or

4

attempt to collect ant debt or to obtain information concerning a consumer. §1692 e(10) and FCRA, 15 U.S.C. 1681 et seq;

b) Making false and misleading representations regarding the character and status of the debt. §1692e(2) and FCRA, 15 U.S.C. 1681 et seq; and TILA.

c) The unconscionable collection of any amount unless authorized by an agreement creating the debt or by law. §1692f(1).

d) The bringing of a legal action in a jurisdiction remote from Plaintiff's domicile, herein as amended to the original Complaint.

e) Causing Plaintiff to incur unreasonable attorney fee's, court costs and other expenses relating to Defendant's wrongful action against him and an being wrongfully denied creditworthy determinations with past, present and future creditors.

**Statement of Facts regarding the FDCPA:**

"Congress enacted the FDCPA in 1977 after noting the 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)). In order to enhance the protections available to consumers, the FDCPA provides "a private cause of action against debt collectors who fail to comply with the Act. . . . A prevailing plaintiff under the Act is entitled to an award of damages, costs of suit and reasonable attorneys' fees." Id. (quoting 15 U.S.C. § 1692k.) As a remedial statute, the FDCPA's language is construed broadly. Id. Indeed, in analyzing communications that potentially gives rise to claims under the FDCPA, the "least sophisticated debtor" standard applies. Id. "'[T]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law.'" Id. (quoting Clomon v. Jackson, 988

F.2d 1314, 1318 (2d Cir. 1993)). Application of the least-sophisticated consumer standard "requires that courts consider the impression that the least sophisticated debtor would receive from the debt collector's communications." *Martsolf v. JBC Legal Group*, P.C., No. 04-CV-1346, 2008 WL 275719, (M.D. Pa. Jan. 30, 2008).

Section § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. § 1692e(10) itself "is particularly broad and encompasses virtually every violation, including those not covered by the other subsections." See Fed. Fair Lending & Cred. Prac. Man. § 14.09. The Third Circuit has called § 1692e(10) a "catchall-type provision." Rosenau v. Unifund Corp., 539 F.3d 218, 224 (3d Cir. 2008).

In the Third Circuit, "[a] communication is deceptive for purposes of the FDCPA if 'it can be reasonably read to have two or more different meanings, one of which is inaccurate,' viewed from the perspective of the 'least sophisticated consumer.'" *Parker v. Pressler & Pressler, LLP*, No. 07-CV-5687, 2009 WL 1917410, *13 (D.N.J. June 30, 2009) (quoting *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298 (3d Cir. 2008); Rosenau, 539 F.3d at 222).

As the Third Circuit has stated, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency. See *Tsenes v. Transcontinental Credit & Collection Corp.*, 892 F. Supp. 461, 465 (E.D.N.Y. 1995) (holding that a "juxtaposition of inconsistent statements . . . constituted a 'false representation or deceptive means to collect . . . any debt'" in violation of § 1692e(10)).

FDCPA § 1692g, "Validation of debts," was enacted to "eliminate the recurring FDCPA § problem of debt collectors dunning the wrong person or attempting to collect S.Rep. No. 95-382, at 4 (1977), debts which the consumer has already paid." reprinted in 1977 U.S.C.C.A.N. 1659, 1699; see also *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997) ("These provisions are intended for the case in which the debt collector, being a hireling of the creditor rather than the creditor Unless set forth in the itself, may lack first-hand knowledge of the debt."). debt collector's "initial communication" with the

consumer, the debt collector must send the consumer a written "validation notice" within five days of the validation notice must contain: initial communication. the amount of the debt; (1) the name of the creditor to whom the debt is owed; (2) a statement that unless the consumer, within thirty days after receipt of (3) the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing (4) within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the (5) thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

After receiving a validation notice, the consumer has thirty days to mail a notice to the debt collector disputing the debt or requesting the name and address of the original creditor. The consumer disputes the debt or requests the name and address of the original creditor during the thirty-day "validation period," the debt collector must "cease collection of the debt, or any disputed portion thereof" until the debt collector verifies the debt or obtains the name and address of the original creditor and "a copy of such verification, is mailed to the consumer by the debt collector." However, the validation period "is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." amended by the Financial Services Regulatory Relief Act of 2006, Pub.L. No. While debt collectors are largely free to continue collection activities during the validation period, the Court's have long held that validation period collection activities and communications must not "overshadow" or "contradict" the validation notice. Jacobson, 516 F.3d at 90-91; McStay v. I.C. Sys., Inc., 308 F.3d 188, 190 (2d When Cir.2002); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir.1993). Congress amended the FDCPA in 2006, it adopted and codified the Court's Section 1692g(b) now provides: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

7

disclosure of the consumer's right to dispute the debt or request the 1692g(b) (as amended by the name and address of the original creditor." § 802(c). Financial Services Regulatory Relief Act of 2006, Pub.L. No. 109-351, § 120 Stat. 1966, 2006-07 (2006)); see Jacobson, 516 F.3d at 91 (noting that "Congress has now codified our approach").

Whereby, in the Plaintiff's original Complaint and in this amended complaint Plaintiff has sufficiently stated such a claim in this case.

### *V. COUNT I*

### *Defendant's conduct violated the FDCPA, FACTA, FCRA, ITADA and TILA*

12. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 11 as if the same were fully set forth herein.

13. Defendant violated the TILA, FDCPA, FACTA, FCRA and ITADA in multiple ways as noted above.

14. As a result of the above violations of the TILA, FDCPA, FACTA, FCRA and ITADA the defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

15. In the alternative to the allegations of the preceding paragraph, Defendant's filing of a complaint against Plaintiff Kenn Hinton without evidence to support the complaint constituted an unfair or unconscionable means to fraudulently collect a debt under a breach of Plaintiff's privacy, false light and false pretenses as averred.

### *VI. COUNT II*

### *Defendant's conduct violated, invaded and breached the Plaintiff's privacy*

16. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

agreement between Plaintiff and Defendant or Bank of America nor permitted by law.

21. Defendant used a tactic of false representation, false light and deceptive means to induce TD Bank, N.A. to garnish Plaintiff's personal checking account to fraudulently collect an alleged debt by submitting documents purported to be a court order for judgment against Plaintiff "Kenn Hinton" for an amount never owed by Plaintiff to Defendant in breach of TILA.

## VIII. COUNT IV

### *Violation of Truth in Lending Act at 15 U.S.C. § 1640, et seq. ("TILA") & The Fair and Accurate Credit Transaction Act of 2003 ("FACTA")*

22. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 21 as if the same were fully set forth herein.

23. The Complaint that Defendant filed against Plaintiff in Case No. GV09000788-00 & GV09000788-01clearly listed without any attempt by Defendant for redaction of Plaintiff's social security number on its face and that number was disseminated and distributed via court records, electronic communications to third parties via the internet and made available to the general public after Defendant filed the complaint under false pretenses, false representations, with bad faith, negligence and without performing any due diligence regarding such and maintaining such accuracy as promulgated by FTC policies and regulations of TILA, FDCPA, FCRA and FACTA.

24. Defendant had no need to publish, distribute, disseminate, advertise, broadcast or restate Plaintiff's social security number in the complaint the Defendant made accessible to the public under false representations, breach of privacy and false

17. The complaint that Defendant filed against Plaintiff in Case No. GV09000788-00 stated that *"Kenneth Adolphus Hinton-Cuton"* owed Defendant a balance of $3,428.79 as of July 30, 2009 the date the complaint for the alleged fraudulent account with Bank of America was filed with the Arlington General District Court.

18. These statements constituted a invasion and breach of Plaintiff's privacy pursuant to the Privacy Act, 5 U.S.C. 552, et seq. as filed, a tort of false representation regarding the amount of the alleged debt not that of Plaintiff, false light and deceptive trade practices, unjust enrichment as a means to collect a fraudulent debt from Plaintiff since he is not the named individual *"Kenneth Adolphus Hinton-Cuton"* as Defendant filed such complaint with that court, and in fact, never owed Defendant nothing.

## VII. COUNT III

### *Defendant's conduct violated and defamed the Plaintiff in false light, false representations and breach of privacy*

19. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

20. The complaint that the Defendant filed against Plaintiff in Case No. GV09000788-00 & GV09000788-01 demanded a garnishment judgment against Plaintiff for interest charged to Plaintiff at a rate of six percent that was never properly served upon the Plaintiff at his domicile in Arlington County, Virginia and further fraudulently served upon TD Bank, N.A. under false light, false representation and in breach of Plaintiff's privacy regarding a fraudulent Bank of America credit card account that has never been expressly verified, authorized of identified as that of the Plaintiff by any

9

light to further defame the Plaintiff.

25. The inclusion of Plaintiff's social security number in a public document filing has placed the Plaintiff in an uncertain position as to who in the general public will create a threat of serious harm to Plaintiff through, identity theft and fraud and other criminal acts of fraud by having the benefit of using the Plaintiff's social security number.

26. Defendant's inclusion of Plaintiff's social security number in the complaint it filed with the Arlington General District Court constituted an unfair or unconscionable means to collect or attempt to collect a fraudulent debt never incurred by Plaintiff, in violation of TILA, FACTA, FCRA, and FDCPA, respectively.

## IX. COUNT VII

*Defendant's Breach of Duty and Blanket Objections to Plaintiff's Discovery Requests are not permitted under Rules 33 or 34*

*Defendant's Breach of 15 U.S.C. 1692, et seq.& 15 U.S.C. 1681, et seq.*

27. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 26 as if the same were fully set forth herein.
On or about October 12, 2010 via email Defendant propounded discovery request upon Plaintiff entitled "Requests for Admissions", "Requests for Interrogatories" and "Requests for Production of Documents" bearing the case caption for this instant action.

28. The documents specified in paragraph 27 hereof that Defendant served on Plaintiff failed so state that they were a communication from a debt collector.

## X. COUNT VIII

*Defendant's Breach of Duty and Blanket Objections to Plaintiff's Discovery Requests are not permitted under Rules 33 or 34*

29. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 28 as if the same were fully set forth herein.

30. The Defendant served its discovery responses upon Plaintiff on or about November 2, 2010 which did not comply with Fed. R. Civ. Prod 33 & 34.

31. Such obstructionist tactics are not to be condoned and should be combated by this court via sanctions upon Defendant for its breach of duty to comply with the Fed. Rules of Civil Procedure governing the discovery process in this matter.

## XI. COUNT IX

*Defendant's Negligence, Infliction of Emotional Distress, Unfair Trade Practices, Fraud, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment, and Breach of Contract*

32. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs 1 through 31 as if the same were fully set forth herein.

33. Plaintiff has determined that the Defendant is a debt collection agency with liability under FDCPA, FACTA, FCRA, ITADA and TILA in multiple ways. In addition, Plaintiff now has clarity in the allegations concerning the Defendant's non-compliance for request for validation and verification of the debt that it seeks to collect from Plaintiff.

34. Defendants continued to violate the FDCPA after the filing of the Complaint, Amended Complaint and Discovery Requests as of November 11, 2010, by providing erroneous account information, failing to furnish debt validation, continuing collection activities during the thirty-day period after his

request for debt validation, and being obstructive in pre-trial discovery proceedings.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant herein as amended to the original Complaint for the following:

A. Statutory damages pursuant to 15 Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, The Identity Theft and Assumption Deterrence Act, 18 USC 1028, et seq., Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, The Fair and Accurate Credit Transaction Act; and in accordance to the Privacy Act, 5 U.S.C. 552, et seq.

B. Costs and reasonable attorney fees pursuant to 15 Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, The Identity Theft and Assumption Deterrence Act, 18 USC 1028, et seq., Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, The Fair and Accurate Credit Transaction Act; and in accordance to the Privacy Act, 5 U.S.C. 552, et seq.

C. For Compensatory and Punitive damages of $1,000,000.00 as previously averred and now further amended to the original Complaint.

D. For such other and further relief as may be just and proper.

### *XII. PLAINTIFF DEMANDS FOR JURY TRIAL*

Respectfully submitted,
KENN HINTON

[signature] 11/19/2010

2200 Wilson Blvd, Ste 102-004
Arlington, VA 22201-3397
(Ph): 571-228-4424
Plaintiff, *Pro se*

13

## CERTIFICATE OF SERVICE

I Kenneth A. Hinton, Plaintiff, pro se, hereby certify that the foregoing *Pro se - Plaintiff's First Amended Complaint* was sent via First Class Mail, postage prepaid on this 19th day of November, 2010 to the Clerk of the Court and to the Defendant's attorney of record with the Court.

Signed: /s/ Kenneth A. Hinton 11/19/2010

cc: David B. Ashe, Esq.- *(Attorney for Defendant)*
    100 Constitution Drive, Suite 124
    Virginia Beach, VA 23462