```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division

KENN HINTON,                         )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )Civil Action No. 1:10-cv-408
                                     )
PROVIDENCE DANE, LLC                 )
                                     )
     Defendant.                      )
                                     )
```

ORDER

This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 60). The Court had previously dismissed the plaintiff's First Amended Complaint (Dkt. 57), and the plaintiff filed a Second Amended Complaint on November 19, 2010. (Dkt. 58.) Both parties waived oral argument.

Plaintiff Kenn Hinton alleges in his Second Amended Complaint various counts related to debt collection efforts by the defendant. As the Court determined in its disposition of the defendant's first Motion to Dismiss, Counts I, II, and III are barred under the Rooker-Feldman doctrine and therefore must be DISMISSED.

Count IV does not state a claim because the alleged use of the plaintiff's Social Security number is not conduct prohibited either by the Fair Debt Collection Practices Act (FDCPA), nor by breach of privacy common law. Moreover, the alleged "unfair or unconscionable" behavior is based in part on attacking the

validity of the judgment forming the basis of the defendant's debt collection effort.  Such a claim is barred under the <u>Rooker-Feldman</u> doctrine.  Count IV is therefore DISMISSED.

Count VII[1] alleges that the defendant failed to state that documents served on the plaintiff constituted communication from a debt collector.  (Cmpl. at ¶ 28.)  Though the plaintiff does not identify which code section the defendant has violated, the only plausible section is 15 U.S.C. § 1692e(11), which requires a debt collector to disclose that he is a debt collector in certain written communications with the consumer.  As the statute sets forth, however, the failure to disclose the nature of the communication creates liability only where it takes place "in connection with the collection of any debt."  15 U.S.C. § 1692e.  The alleged conduct took place as part of the plaintiff's lawsuit against the defendant under the FDCPA, not in the course or furtherance of a debt collection.  Because the provisions of 15 U.S.C. § 1692e do not apply to such collateral suits under the FDCPA, Count VII must be DISMISSED.

Count VIII alleges that the plaintiff is entitled to sanctions for discovery responses that did not confirm to Federal Rules of Civil Procedure 33 and 34.  (Cmpl. at ¶¶ 29-31.) The Rules Enabling Act, in establishing the statutory basis for the Federal Rules of Civil Procedure, mandated that the Rules "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  The Rules, therefore, do not and cannot create the

---

[1]The Second Amended Complaint does not allege a Count V or VI.

alleged cause of action. Cf. Pikulin v. United States, 97 Fed. Cl. 71, 76-77 (Ct. Fed. Cl. 2011) (holding that the Federal Rules of Evidence do not create an enforceable right for money damages against the United States). Count VIII must be DISMISSED.

Count IX names various state law causes of action (Cmpl. at ¶¶ 32-34), but the plaintiff has failed to plead any facts that, even if accepted as true, state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This count also alleges that the other claims alleged in the complaint are part of the factual basis for this count. Without addressing whether the other counts can serve as the basis for Count IX, it is sufficient to note that the Court has found those claims inadequate. Count IX therefore must be DISMISSED.

Having dismissed all counts in the plaintiff's complaint, it is hereby

ORDERED that the plaintiff's Second Amended Complaint be and is DISMISSED, and that this case is hereby TERMINATED.

ENTERED this 6th day of July, 2011.

                                                            /s/
                                      THERESA CARROLL BUCHANAN
                                      UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia